Case 7:22-cv-00397   Document 8   Filed on 04/24/23 in TXSD   Page 1 of 14

United States District Court
Southern District of Texas
**ENTERED**
April 24, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| CRUZ GARZA, JR., | § § | |
| Plaintiff, | § § § | |
| v. | § § | CIV. ACTION NO. 7:22-CV-397 |
| CAMERON COUNTY JAIL, LT. MEJIA JAVIER, | § § § § | |
| Defendants. | § § | |

### REPORT AND RECOMMENDATION

Plaintiff, a previously incarcerated individual proceeding *pro se*, initiated this proceeding by filing a prisoner civil rights complaint under 42 U.S.C. § 1983. (Dkt. No. 1.) In connection with said complaint, Plaintiff filed an application to proceed *in forma pauperis* (IFP). (Dkt. No. 2.) However, Plaintiff's IFP application was deficient, so this Court ordered Plaintiff to remedy the deficiencies or otherwise pay the filing fee by January 3, 2023. (Dkt. No. 3.) Plaintiff failed to comply with the Order. On February 16, 2023, this Court sent Plaintiff another deficiency order, giving Plaintiff an additional thirty (30) days to either cure the deficiencies in his IFP application or otherwise pay the filing fee. (Dkt. No. 5.) To date, Plaintiff has failed to cure the deficiencies in his IFP application or pay his filing fee. For the reasons outlined below, the undersigned recommends that this action be dismissed for failure to prosecute.

### BACKGROUND

On November 17, 2022, Plaintiff filed a prisoner civil rights complaint detailing various facts during his detention that give rise to his claim. (Dkt. No. 1.) Plaintiff claims that the delay

1

in medical treatment and conditions of confinement he suffered during his detention gives rise to a constitutional violation. (*Id.*)

In support of Plaintiff's allegations, Plaintiff alleges that when he arrived at the detention center, he was in severe stomach pain, and he put in a request for medical treatment. (Dkt. No. 1 at 3-4, ¶V.) Plaintiff began "bleeding" and the detention center still made Plaintiff wait 10 days before receiving medical treatment. (*Id.* at 4, ¶V.) When Plaintiff finally received medical attention, he discovered that he had an infection in his right testicle, and the condition required surgery. (*Id.*) Sometime during this process, Plaintiff was transferred from the "Old County Jail" to Carrizales Detention Center. (*Id.*) At the Carrizales Detention Center, the officers put him in "echo for a day with turd on the walls, moved me the next day," and while he was having "wound care they would hurt [him,] everyday putting water resistant tape all under [his] testicle and the next day pulled it off . . . ." (*Id.*) Further, Plaintiff alleges that Lt. Javier threatened to put him "in the hole" when Plaintiff told Lt. Javier that he "had rights." (Dkt. No. 1-1 at 1.) The Lieutenant replied "ami me vale eso." (English Translation: "I don't care about that.") (*Id.*) Furthermore, Lt. Javier wanted Plaintiff to uncover lights Plaintiff had covered since the lights were never turned off at night; Plaintiff had advised officials of the lights but claimed they did nothing about it. (*Id.*)

In connection to the Complaint, Plaintiff filed a request to proceed IFP. (Dkt. No. 2.) Plaintiff's IFP request was deficient in that it did not provide adequate information regarding his current financial status, such as a copy of his inmate trust account. *See* 28 U.S.C. § 1915(a)(2). On two separate occasions, December 2, 2022, and February 16, 2023, Plaintiff was informed about the deficiencies in his application and the requirements to cure said deficiencies. In both Orders outlining said deficiencies, Plaintiff was warned that the failure to comply with the Order may result in dismissal of his Complaint for failure to prosecute. *See generally* Dkt. Nos. 3, 5.

Plaintiff was further warned that his Complaint could not proceed until Plaintiff either cured the deficiencies in his IFP application or otherwise pay the filing fee. To date, Plaintiff has failed to comply with either Order. As explained below, Plaintiff's Complaint should be dismissed for failure to prosecute. Further, even if the Complaint proceeded, Plaintiff's Complaint would be dismissed under 28 U.S.C. § 1915A review.

## ANALYSIS

### I. Failure to Prosecute

Plaintiff's claims are subject to dismissal for failure to prosecute. Rule 41(b) provides that an action may be involuntarily dismissed where a party "fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). Such a dismissal may be made upon the court's own motion or on motion by the opposing party. *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). While a court should be "appropriately lenient" with a party proceeding *pro se*, "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Hulsey v. Texas*, 929 F.2d 168,171 (5th Cir. 1991) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

This action should be dismissed for failure to prosecute because Plaintiff has failed to pay the filing fee or otherwise comply with the court order. *Greathouse v. Tex. Dep't of Criminal Justice*, 379 F. App'x 403, 404 (5th Cir. 2010) (affirming district court's dismissal of a civil rights action where the petitioner failed to comply with the court's order to pay a filing fee). It appears that no lesser sanction is available since Plaintiff has taken no further action in this case.

## II.     28 U.S.C. § 1915A Review

It should be advised that even if Plaintiff did pay the filing fee or otherwise complied with this court's orders, if considered, his claims are without merit based on the facts set forth in the Petition. As outlined below, the facts stated by Plaintiff are not sufficient to state a claim against the officers or the municipality, which would result in dismissal under 28 U.S.C. § 1915A review.

<u>Section 1915A of title 28 states as follows:</u>

> (a) The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. §1915A.

Therefore, when a prisoner brings a claim against a governmental entity, officer, or employee of a governmental entity, the court must review the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *Cf. Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). Furthermore, a claim may be dismissed under § 1915A review before service on the defendants even if the prisoner has already paid the filing fee. *See Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998); *Ruiz v. United States*, 160 F.3d 273, 274 (5th Cir. 1998); *see also Shakouri v. Davis*, 923 F.3d 407, 410 (5th Cir. 2019).

A claim is frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995). "A complaint lacks an arguable basis in law if it is based

4

on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d 882, 889 (5th Cir. 1998)).

Dismissal for failure to state a claim under § 1915 is analyzed under the same standard as dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Legate v. Livingston*, 822 F.3d 207, 209-210 (5th Cir. 2016) (citing *Ruiz*, 160 F.3d at 275). A complaint fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, plaintiff must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The Court must accept as true all well-pleaded facts contained in Plaintiff's Complaint and view them in the light most favorable to Plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996) (citing *McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir. 1992)).

"It is well-established that *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Jackson v. Mizzel*, 361 F. App'x 622, 627 n.19 (5th Cir. 2010) (quoting *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)). However, regardless of whether the plaintiff is proceeding *pro se*, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id*. As outlined below, under § 1915A review, Plaintiff's constitutional claims alleging officer and municipality liability require dismissal.

### a. 42 U.S.C. § 1983 Officer Liability

"Pretrial detainees and convicted prisoners, …, look to different constitutional provisions for their respective rights to basic medical care and safety." *Hare v. City of Corinth, Miss.*, 74

F.3d 633, 639 (5th Cir. 1996). "The constitutional rights of a convicted state prisoner spring from the Eighth Amendment's prohibition against cruel and unusual punishment, ..., and with relatively limited reach, from substantive due process." *Id.* (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Alternatively, "the constitutional rights of a pretrial detainee, ..., flow from both the procedural and substantive due process guarantees of the Fourteenth Amendment." *Id.* (citing *Bell v. Wolfish*, 441 U.S. 520 (1979)). However, despite the distinction as to status and source of constitutional rights, "a pretrial detainee's due process rights are said to be 'at least as great as the Eight Amendment protections available to a convicted prisoner.'" *Id.* (citing *City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 244 (1983)). Therefore, "[f]inding no constitutionally significant distinction between the rights of pretrial detainees and convicted inmate to basic human need, including medical care and protection from violence or suicide, we [Fifth Circuit] conclude that a state jail officials' liability to pretrial detainees for episodic acts or omissions should be measured by a standard of subjective deliberate indifference as enunciated by the Supreme Court in *Farmer*." *Id.* at 643 (referencing *Farmer v. Brennan*, 511 U.S. 825 (1994)).

Although the Constitution "does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), conditions of confinement cannot be inhumane. *Farmer*, 511 U.S. at 832. As such, prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must "take reasonable measures to guarantee the safety of the inmates." *Farmer*, 511 U.S. at 832 (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–527 (1984)). In general, to state a 42 U.S.C. § 1983 claim against an official Plaintiff must first show that the facts alleged are sufficient to violate his constitutional rights, satisfying an objective and subjective standard. *Rhodes*, 452 U.S. at 347. First, the constitutional violation must be, objectively, "sufficiently serious." *Farmer*, 511 U.S. at 834 (citations omitted). Second, the conduct that created the

6

violation must be done with deliberate indifference. *Id.* at 834-35 (citations omitted). Negligence is insufficient to establish deliberate indifference; rather, the plaintiff must show that the official was both aware of facts from which the inference could be drawn that there was a sufficiently serious constitutional violation, and the official must have also drawn the inference. *Id.* at 836-37.

As addressed below, the Plaintiff alleges facts tending to support three possible § 1983 violations for: (i) inhumane conditions of confinement, (ii) denial of adequate medical treatment, and (iii) bullying and threatening remarks made by officers. Case law illustrates what circumstances are required to state a claim for such violations and are addressed in detail below. For the foregoing reasons, each potential claim fails because the facts alleged do not rise to the level sufficient to meet the objective or subjective component required to state a constitutional claim.

i. Condition of the Cell

To meet the objective component to state a § 1983 claim for the condition of the confinement, an inmate must show that the conditions of confinement were so severe it deprived the inmate of the minimal measure of life's necessities, such that the conditions subjected the inmate to the denial of some basic human need. *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1999) (citations omitted); *Rhodes*, 452 U.S. at 347. The Constitution does not require that prisons be completely sanitized or as clean or free from potential hazards as one's home might be. *See Tallmore v. Hebert*, No. CIV.A. 07-1220, 2008 WL 2597939, at *3 (W.D. La. May 28, 2008). "A minor sanitation restriction or problem, although admittedly unpleasant, does not amount to a constitutional violation." *McAllister v. Strain*, No. CIV.A. 09-2823, 2009 WL 5178316, at *3 (E.D. La. Dec. 23, 2009) (citations omitted). "[J]ails must provide only reasonably adequate hygiene and sanitation conditions." *Burton v. Cameron County*, 884 F. Supp. 234, 241 (S.D. Tex.

1995) (citing *Green v. Ferrell*, 801 F.2d 765, 771 (5th Cir. 1986)). "A filthy, overcrowded cell ... might be tolerable for a few days and intolerably cruel for weeks or months." *Hutto v. Finney,* 437 U.S. 678, 686–87 (1978); *Williams v. Browning*, 2006 WL 83433, at *2 (S.D. Tex. Jan. 11, 2006) (noting that "[e]ven if the Jail conditions were substandard, the brief intervals that [petitioner] had to endure them weigh against establishing a civil rights violation." (citing *DeSpain v. Uphoff*, 264 F.3d 965, 973 (10th Cir. 2001)). Typically, the conditions of confinement must be deplorable for an extended period and involve a "deprivation of facilities for elementary sanitation." *Daigre v. Maggio*, 719 F.2d 1310, 1312 (5th Cir. 1983).

To satisfy the subjective component, Plaintiff must establish that the defendant acted with deliberate indifference towards a substantial risk of serious harm to the inmate from the conditions. *Famer*, 511 U.S. at 842. Under this standard, a prison official will only be subject to liability for denying an inmate humane conditions of confinement, where the official knows of and disregards an excessive risk to inmate health and safety. *Farmer*, 511 U.S. at 837. This requires the official to "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. Thus, "an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Id*. at 838.

Here, Plaintiff has not stated facts sufficient to satisfy the objective requirement. Plaintiff alleged that he was held in a cell for one day that had "turd on the walls." (Dkt. No. 1 at 4, ¶V). Simply being held in an unsanitary cell for a relatively short duration, without more, is not enough to state a claim of relief. *See e.g., Davis v. Scott*, 157 F.3d 1003, 1006 (5th Cir. 1998) (holding that 1915 dismissal was proper because there was no constitutional claim based on inmate's allegation that he was confined in a cell covered in blood and excretion for only three days);

*Johnson v. Anderson*, 255 F. App'x 851, 851 (5th Cir. 2007) (no constitutional claim where an inmate was placed in an unsanitary cell for six to seven days before the sheriff had the cell cleaned). While this condition is unpleasant, it does not give rise to a constitutional violation. These facts certainly do not rise to the level of a denial of life's minimal necessities.

The facts outlined by Plaintiff are also insufficient to satisfy the subjective requirement. Plaintiff has not stated any facts showing that the officers acted with deliberate indifference to his health and safety in placing him in the dirty cell for one day. In fact, the guards acted reasonably by promptly removing Plaintiff from the cell after only one day. Although Plaintiff would have obviously preferred a quicker response in remedying the conditions, "a briefly delayed, yet reasonable, response does not constitute deliberate indifference." *Johnson*, 255 F. App'x at 853. *Cf. Bradley v. Puckett*, 157 F.3d 1022, 1026 (5th Cir. 1998) (finding deliberate indifference by prison officials who "knowingly deprived a prisoner of sanitary conditions for approximately two months.").

### ii. Medical Treatment

For medical care, a person's rights are violated where a prison official acts with deliberate indifference to a prisoner's serious medical needs. *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 754 (5th Cir. 2001) (citing *Estelle v. Gamble*, 429 U.S. 104, 105-06 (1976)). This includes indifference manifested "by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle*, 429 U.S. at 104-05; *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) ("Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to serious medical needs amounts to an Eighth Amendment violation only where those needs are 'serious.'" (citing *Estelle*, 429 U.S. at 103-04)). "[T]he essential test is one of medical necessity and not one simply

of desirability." *Woodall v. Foti*, 648 F.2d 268, 272 (5th Cir. 1981). "[A]n inadvertent failure to provide medical care" does not constitute acts or omissions "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106. An inmate must show that prison personnel "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evidence a wanton disregard for any serious medical needs." *Domino*, 239 F.3d at 756 (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)).

Once again, Plaintiff fails to state a claim against any officer. Plaintiff alleges that he complained of a stomachache upon arrival, and the officers did not provide medical treatment until he began bleeding. (Dkt. No. 1 at 4, ¶V.) Simply complaining of a stomachache is certainly not "a serious medical need" that would require immediate medical attention. Once Plaintiff's medical need became serious, i.e., when he began bleeding, the officers sought medical attention for Plaintiff. Plaintiff was able to see a doctor within 10 days of complaining about the bleeding and then went into surgery the next day. (*Id.*) Under the circumstances presented, Plaintiff received adequate medical care, including surgery. The failure to provide immediate treatment in response to Plaintiff's complaints of abdominal pain is insufficient in showing deliberate indifference towards a Plaintiff's serious medical needs where there was no reason for the officer to believe the complaints constituted a medical emergency requiring immediate medical attention. *See Farmer*, 511 U.S. at 836 (citations omitted) (negligence is insufficient to establish liability for a § 1983 claim); *see also Trevino v. Hinz*, 751 F. App'x 551, 555 (5th Cir. 2018) ("[A]n officer's failure to immediately recognize ambiguous symptoms as a medical emergency does not amount to deliberate indifference."); *Rundles v. Arowosafe*, No. 6:19-CV-00014-JDK-JDL, 2020 WL 7054239, at *4 (E.D. Tex. Aug. 20, 2020) (rejecting inmate's deliberate indifference claim because

he did not allege that officer "had the medical training necessary to subjectively recognize [inmate's] symptoms" – feeling very ill, having a fast heartbeat, being overheated, and chest hurting – as a medical emergency), *report and rec. adopted*, 2020 WL 5939051 (E.D. Tex. Oct. 7, 2020).

Further, Plaintiff details the daily post-surgery medical care provided by officials. Specifically, Plaintiff claims that medical officials would change the water-resistant bandages on his wounds daily. (Dkt. No. 1 at 4, ¶V.) Once again, it appears the officials were providing adequate medical care to Plaintiff and were certainly not acting with deliberate indifference towards his medical needs. As such, Plaintiff has not alleged any facts showing that officers acted with deliberate indifference towards Plaintiff's serious medical needs, nor did officials interfere with access to such care.

### iii. Officer Bullying

Plaintiff alleges that officers were "bullying and threatening" him. (Dkt. No. 1 at 3, ¶IV.) Plaintiff also alleges that Lt. Javier threatened to send Plaintiff "to the hole" because "I told him I had my rights." (Dkt. No. 1-1 at 1.) While certainly unprofessional, merely making threatening statements to an inmate is not a constitutional violation. *See Laborde v. Lowe*, 2011 WL 336460, at *6, *aff'd*, 471 F. App'x 390 (5th Cir. 2012) (citing *Bender v. Brumley*, 1 F.3d 271, 274 n.3 (5th Cir. 1993); *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983) ("Mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations.")). As such, the fact that Lt. Javier threatened to put Plaintiff "in the hole" (Dkt. No. 1-1 at 1) and was "bullying" Plaintiff (Dkt. No. 1 at 3) is insufficient to state a constitutional claim. Similarly, the fact that other unnamed officers were bullying Plaintiff is also insufficient to state a constitutional claim. *Iqbal*, 556 U.S. at 681 (holding that conclusory allegations are insufficient to state a claim).

### b. 42 U.S.C. § 1983 Municipal Liability

To find municipal liability under § 1983 plaintiff must allege facts showing: a policymaker, an official policy, and the official policy implemented by the identified policymaker must be the "moving force" behind the alleged constitutional violation. *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978). "Section 1983 does not create supervisory liability or *respondeat superior* liability." *Oliver v. Scott*, 276 F.3d 763, 742 (5th Cir. 2002). Further, a city cannot be held liable under § 1983 without showing a custom or policy violating the plaintiff's constitutional rights. *Hudson v. City of Laurel*, 290 F. App'x 748, 749 (5th Cir. 2008). "[I]solated unconstitutional actions by municipal employees will almost never trigger liability." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2011) (citations omitted). "A plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." *Colle v. Brazos County, Texas*, 981 F.2d 237, 245 (5th Cir. 1993). Rather, Plaintiff must identify the policy or custom which allegedly caused the deprivation of his constitutional rights. *See, e.g., Murray v. Town of Mansura*, 76 F. App'x 547, 549 (5th Cir. 2003); *Treece v. Louisiana*, 74 F. App'x 315, 316-17 (5th Cir. 2003).

Plaintiff has failed to allege a policymaker or official policy implemented by a policymaker that was the moving force behind any of the constitutional claims asserted. Thus, regardless of whether either allegation rises to the level required to state a constitutional claim, the municipality cannot be held liable for Plaintiff's claims because he has failed to identify a policy or policymaker as the driving force behind the conduct.

### c. Note on Exhaustion

"No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional

facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e. In Plaintiff's Complaint, Plaintiff did not provide an answer when asked whether he had exhausted all institutional grievances. (Dkt. No. 1 at 3, ¶III.) Thus, even if Plaintiff did overcome all previously mentioned deficiencies, Plaintiff's claim would fail because he has not shown that he has exhausted all other institutional remedies.[1]

## CONCLUSION

### *Recommended Disposition*

After review of the relevant case law, it is recommended that Plaintiff's Complaint (Dkt. No. 1) be **DISMISSED** without prejudice for failure to prosecute. Further, it is recommended that Plaintiff's IFP Application (Dkt. No. 2) be **DENIED** as moot.

### *Notice to the Parties*

Within 14 days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). The district judge to whom this case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made. The district judge may accept, reject, or modify

---

[1] "Failure to exhaust [administrative remedies] is an affirmative defense, such that the defendants have the burden of demonstrating that [prisoner litigant] failed to exhaust administrative remedies." *Wilson v. Epps*, 776 F.3d 296, 299 (5th Cir. 2015) (citing *Jones v. Bock*, 549 U.S. 199, 216 (2007)); *see also Russell v. Carillo*, No. 1:11-CV-143, 2016 WL 11572505, at *7 (S.D. Tex. Jan. 29, 2016) (same). However, "'when a successful affirmative defense appears on the face of the pleadings,' and matters the court may judicially notice, 'dismissal under Rule 12(b)(6) may be appropriate.'" *Clear v. JPMorgan Chase Bank, N.A.*, 491 F. Supp. 3d 207, 213 (N.D. Tex. 2020) (quoting *Kansa Reins. Co. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994)). *Cf. Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990) (noting that under 28 U.S.C. § 1915 pre-screening review prior to service on defendant, a court of appeals should have the latitude to consider affirmative defenses "that are both obvious and facially meritorious" and allowing the matter to be resolved "where the plaintiff has no basis on which to succeed."). The undersigned notes that even if the grievance process had been properly complied with by Plaintiff, if considered, it would be appropriate to dismiss the case pursuant to §1915A screening procedures for reasons outlined above.

the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Failure to file written objections to the proposed findings and recommendations contained in this report within 14 days after service shall bar an aggrieved party from *de novo* review by the District Court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.

The Clerk shall send a copy of this Order to Movant and counsel for Respondent.

**DONE** at McAllen, Texas, this 24th day of April 2023.

_____
Juan F. Alanis
United States Magistrate Judge